UNITED STATES of America,
Plaintiff—Appellee,

v.

Gildardo Alberto GUALAJARA–
PONCE, Defendant—
Appellant.

No. 05–50125.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2006.

Decided May 5, 2006.

Stephen M. Miller, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Siri Shetty, San Diego, CA, for Defendant–Appellant.

Before: KOZINSKI, TROTT, and BEA, Circuit Judges.

## MEMORANDUM *

Appellant Gildardo Alberto Gualajara–Ponce appeals his conviction for one count of attempted entry into the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

■ The district court abused its discretion by admitting into evidence over a hearsay objection a referral slip to secondary inspection at a port of entry. The Government proffered the slip to prove the truth of an implicit assertion therein—that Gualajara–Ponce, at primary inspection, had claimed to be an American citizen. *See* Fed.R.Evid. 801(c).

■ The Government argues the slip was admissible either as a non-hearsay, prior consistent statement[1] or as a public record excepted from the hearsay rule.[2] We disagree. The referral slip was not admissible as a prior consistent statement because the defense did not express or imply that Officer Pete Florendo had fabricated his testimony; rather, the defense merely contradicted Florendo's testimony and argued he had incorrectly heard what Gualajara–Ponce had said. *See United States v. Bao,* 189 F.3d 860, 865 (9th Cir.

1999). In addition, the slip is explicitly excluded from the public records exception because it documents, for law enforcement purposes, a "matter[ ] observed by . . . law enforcement personnel." Fed.R.Evid. 803(8)(B); *see also United States v. Orellana–Blanco,* 294 F.3d 1143, 1150–51 (9th Cir.2002).

■ Because the Government failed to argue the slip's admission was harmless, and the harmlessness of the error is not clear beyond serious debate, we must reverse and remand. *See United States v. Gonzalez–Flores,* 418 F.3d 1093, 1100–01 (9th Cir.2005). Although Officer Jaime Lizarraga's testimony supported Florendo's testimony, Gualajara–Ponce's and Rodolfo Pescador–Osuna's testimony regarding the primary inspection contradicted it. In addition, Ruben Luna possessed a letter which, had it been presented to primary inspection, might have disproved Gualajara–Ponce's specific intent to enter this country illegally. Without Florendo's referral slip admitted into evidence, it is not clear that the jury would have reached the same result.

Because the Government may retry Gualajara–Ponce, we address, and reject, Gualajara–Ponce's other claims for reversal.

■ The district court did not abuse its discretion by excluding Luna's out-of-court statement because it did not fall within the "statement against interest" exception to hearsay. *See* Fed.R.Evid. 804(b)(3). The statement did not inculpate Luna so "that a reasonable person in [Luna's] position would not have made the statement unless believing it to be true." *Id.; see also United States v. Layton,* 720 F.2d 548, 559 (9th Cir.1983). Because Luna's statement

---

1. *See* Fed.R.Evid. 801(d)(1)(B).

2. *See* Fed.R.Evid. 803(8).

was not exculpatory, defendant's Fifth and Sixth Amendment rights were not prejudiced by its exclusion. *See Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).

■ The admission into evidence of a certificate of nonexistence of record did not violate Gualajara–Ponce's Sixth Amendment Confrontation Clause rights. *See United States v. Cervantes–Flores*, 421 F.3d 825, 834 (9th Cir.2005) (per curiam).

■ The lack of a grand jury instruction which stated that the grand jury could consider the wisdom of the relevant criminal laws, penalty information, and need not indict if probable cause is found did not violate Gualajara–Ponce's due process rights. *See United States v. Navarro–Vargas*, 408 F.3d 1184, 1202–06 (9th Cir. 2005) (en banc).

REVERSED AND REMANDED.

---

* The Honorable Richard F. Cebull, U.S. District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.